**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JERRY EUGENE SEDILLO,

      Petitioner,

v.                                        Civ.  No.  07-468 JH/RLP

TIMOTHY HATCH, Warden, *et al.*,

      Respondents.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]**

    1.      Petitioner brings this action pursuant to 28 U.S.C. § 2254.  After a jury trial, Petitioner was convicted of Kidnaping, three counts of Aggravated Battery Against a Household Member, Child Abuse, Intimidation of a Witness to Prevent Reporting, and Tampering with Evidence.  He was sentenced to a fifteen and one-half year prison term, with five years suspended.  Exhibit A to Answer [Doc. 6].

    2.      Petitioner 's appeal raised four claims: (i) a speedy trial violation; (ii) denial of a fair trial for the trial court's failure to excuse a biased juror; (iii) the evidence was insufficient for the jury to convict him of tampering with evidence; and (iv) the trial court's failure to declare a mistrial when the State attempted to present evidence that had not previously been disclosed to Petitioner.  *See* Exhibits C (Docketing Statement) and F (New Mexico Court of Appeals Memorandum Opinion).  Petitioner then filed a petition for writ of certiorari raising the same issues, Exhibit G, which was denied.  Exhibit H.

    3.      Petitioner then filed a state habeas corpus petition, arguing that he received ineffective assistance of counsel and listed 10 grounds therefor.  Exhibit L. The trial court summarily denied the petition.  Exhibit N.  Petitioner then sought certiorari, but the grounds raised in that petition concerned alleged errors surrounding

the denial of his habeas petition.  Exhibit O.  The petition was summarily denied.  Exhibit P.

4.      The § 2254 petition states that Petitioner is raising the claims he previously raised (i) on direct appeal; (ii) petition for state habeas corpus; and (iii) petition for writ of certiorari.  Those are the claims set forth in ¶¶ 2-3, *supra*. Respondents indicate they are reserving the right to claim failure to exhaust because Petitioner failed to set forth his claims precisely in the petition itself.  Answer, ¶ 7. Because the claims are precisely set out in Exhibits C, L, & O, it is unclear why Respondents are unclear of the nature of Petitioner's claims.  Of course, Petitioner has added no additional facts or arguments to his prior claims, so the Court is left to view the record as submitted.

5.      <u>Direct Appeal</u>.   Of the four claims presented, only the violation of Petitioner's right to a speedy trial was specifically identified as a federal constitutional claim.   Nevertheless, Petitioner's claim of insufficiency of the evidence is "necessarily a due process challenge."  *Lopez v.  Shanks*, 34 F.3d 1076, *1 (10th Cir.  1994) (unpublished opinion) (citing *Satter v.  Leapley*, 977 F.2d 1259, 1262 (8th Cir.  1992).

6.      To determine whether a defendant has asserted a valid Sixth Amendment claim of denial of his right to a speedy trial, courts utilize the four-part test of *Barker v. Wingo*, 407 U.S. 514 (1972):  (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the delay prejudiced the defendant.  *Id.*  at 530.   The New Mexico Court of Appeals (COA) found that the 16-month delay between indictment and trial was presumptively prejudicial. The COA also found that Petitioner had asserted his right to a speedy trial.

Nevertheless, the COA found that most of the delays were at the behest of the Petitioner, even though Petitioner did object to two extensions of the six-month rule. Exhibit F at 3.

7.      The COA noted that when the State sought to extend the trial date from July 12, 2004 until October 19, 2004, defense counsel objected even though Petitioner's new trial attorney had not yet been appointed.  Petitioner then moved for an extension on October 6 to obtain an expert evaluation and again on November 22 for a substitution of counsel.  Trial was reset for January 19, but on January 3 the expert's evaluation had yet to be returned and the State moved for an extension of time.  The trial took place on February 15, 2005 and the COA found that Petitioner was largely responsible for the delays.  *Id.*  at 4.

8.      Finally, the COA noted: "In light of our holding that the length of Defendant's pretrial incarceration was largely attributable to continuances requested by the defense, Defendant cannot complain of anxiety that resulted from an extended period of incarceration that he was responsible for."  *Id.*  at 5.  The COA's analysis and conclusion was neither contrary to, nor involved an unreasonable application of, *Barker v. Wingo.  See* § 2254(d)(1).

9.      <u>Sufficiency of the evidence</u>.  The standard for evaluating the sufficiency of evidence is set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979).  "Under the *Jackson* standard, habeas relief may only be granted if no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jones v.  McKune*, 214 Fed.  Appx.  784, *786 (10th Cir.  2007) (unpublished opinion) (internal quotation marks omitted).

10.      Petitioner argues that the evidence was insufficient to convict him of

tampering with evidence.  That crime is defined in NMSA (1978) § 30-22-5(A), which provides:

> Tampering with evidence consists of destroying, changing, hiding, placing or fabricating any physical evidence with intent to prevent the apprehension, prosecution or conviction of any person or to throw suspicion of the commission of a crime upon another.

11.    The COA found that "the evidence was sufficient to show that Defendant hid sharpened screwdrivers; intended to prevent his apprehension, prosecution, or conviction; and was not intoxicated or suffering from a mental disease or disorder at the time of the offense that prevented him from forming the intention to hide the screwdrivers to prevent his apprehension or conviction." Memorandum Opinion at 7 (citing the Record Proper).  Although not citing *Jackson*, the above determination of the evidence is neither contrary to, nor an unreasonable application of *Jackson*.

12.    As to the other two claims raised on direct appeal -- denial of a fair trial for the trial court's failure to excuse a biased juror and the trial court's failure to declare a mistrial when the State attempted to present evidence that had not previously been disclosed to Petitioner -- these claims were not raised as federal constitutional claims. The matter of the biased juror is raised in the context of Petitioner's ineffective assistance of counsel claim and will be addressed below.  As for the mistrial, the COA noted that the trial court had not allowed the undisclosed evidence to be introduced to the jury and that Petitioner had not pointed to any specific statements by the State that would indicate a mistrial was warranted. Memorandum Opinion at 7-8.  Because Petitioner does not provide this Court with any additional facts this claim necessarily fails.

13.     State habeas petition (Exhibit L).  Petitioner raised 10 grounds for relief in his state habeas petition.  The first six  concern allegations of ineffective assistance of counsel, which are discussed below.  Grounds 7 through 10 could have been raised on direct appeal.[2]  Claims raised in a state habeas petition but not raised in the direct appeal are deemed waived unless there is cause and prejudice for the failure to raise them on appeal.  *Wainwright v.  Sykes*, 433 U.S. 72, 87 (1977).  Ineffective assistance may provide cause, but such a showing must be accompanied by a showing of prejudice, *i.e.*, that the claim has merit and the result may well have been different.  *Murray v.  Carrier*, 477 U.S. 478, 488 (1988).  As Petitioner failed to provide either the State court or this Court with any facts underlying Grounds 7 through 10, these claims are deemed waived.

14.     Grounds 1 through 6 concern ineffective assistance of counsel.  To prevail on a claim of ineffective assistance of counsel, a defendant must show both that his attorney's performance was deficient and that, but for this deficient performance, the outcome would have been different.  *Strickland v.  Washington*, 466 U.S. 668, 687 (1984).  To prove deficient performance, Petitioner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.*  at 689.  "For counsel's performance to be constitutionally ineffective it must have been completely unreasonable, not merely wrong."  *Boyd v.  Ward*, 179 F.3d 904, 914 (10th Cir.  1999).

15.     Petitioner first alleges that his attorney violated his code of conduct by (1) coercing and intimidating Petitioner's mother and sister to try to get Petitioner to accept a plea; and (2) discussing Petitioner's case with another client in an effort to have

Petitioner accept a plea.  Grounds 1 and 2.  Even if the Court were aware of any supporting facts which would amount to a violation of counsel's code of conduct, these claims do not meet the criteria of *Strickland* and therefore are not considered.

16.      Ground 3 alleges Petitioner's counsel was not licensed in New Mexico.  In its Response to Petition for Writ of Habeas Corpus, the State informed the Court that trial counsel had been licensed in New Mexico since 2004.  Exhibit M at 4.  Petitioner does not provide this Court with any rebuttal or factual evidence and therefore this claim is denied.

17.      Ground 4 alleges counsel was ineffective for failing to reject a juror who stated in *voir dire* that he could not be fair and impartial in a case involving a child.  On direct appeal, Petitioner raised this issue as one of denial of a fair trial.  The COA would not consider the argument because no objection had been made at trial.  In the parties' briefing to the COA, both sides note that counsel did not challenge the juror because other comments made by the juror were favorable to the defense.  *See* Exhibit F at 6; Exhibit M at 6.  Presumably, defense counsel found the favorable comments to weigh in his client's favor and made a strategic decision that the juror would uphold his oath to consider all of the evidence.  Accordingly, this ground fails to meet the criteria of *Strickland* and will not be considered.

18.      Ground 5 alleges Petitioner's first counsel abandoned him and thereby caused a violation of Petitioner's speedy trial rights.  Because we determined earlier that Petitioner's speedy trial rights were not violated, this ground is without merit.

19.      Ground 6 alleges a conflict of interest because the State coffers pay for both the public defender and the prosecutor.  This claim is without merit.

20.     After Petitioner's state habeas petition was denied by the trial court, *see* Exhibit N, Petitioner filed a petition for writ of certiorari.  Exhibit O.  His grounds for relief all concerned the state habeas proceeding.[3]   He did attach his state habeas petition to the certiorari petition and the New Mexico Supreme Court denied the petition without comment.  Exhibit P.  It is impossible to tell whether that court considered the merits of the state habeas petition and ignored the procedural irregularity of raising claims for the first time in the state supreme court on discretionary review.

21.     Assuming that the New Mexico Supreme Court considered the merits of Petitioner's state habeas claims, those claims are exhausted.  If that court did not consider the merits of the state habeas claims, they are not exhausted.  In either event, this Court finds that the claims are without merit, as indicated above, and because the Court can consider mixed petition claims if it dismisses the petition, *see* § 2254(b)(2), then whether the claims are exhausted or not makes no difference to this decision.

22.     As for the claims raised for the first time in the petition for writ of certiorari, those claims are not exhausted.  A claim is "not exhausted when it [is] presented only in a procedural context in which it would not ordinarily be considered."  *Bloom v. McKune*, 130 Fed.Appx. 229, 232 (10th Cir. 2005) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1999)).  Thus, a claim filed directly with the state's supreme court, when that filing bypasses the applicable appellate procedures, is not "properly exhausted."  *Id.* (citing *id.*).[4]

Again pursuant to  § 2254(b)(2), the Court finds that all of the claims raised, *see* note 3, *supra*, are either without merit or not cognizable on habeas review because they fail to raise a federal or federal constitutional question.  *See* § 2254(a).  Nevertheless,

because it is unclear whether Petitioner could raise any of these claims again in a state proceeding, and because Respondents failed to adequately address this issue, I recommend that the petition be dismissed without prejudice.

RECOMMENDED DISPOSITION

I recommend that the petition for writ of habeas corpus [Doc. 1] be

denied.  I also recommend that Petitioner's Motion to Appoint Counsel

[Doc. 7], Motion for Evidentiary Hearing [Doc. 8], and Motion for

Transcripts [Doc. 9] be denied.

Richard L.  Puglisi
United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation that party may, pursuant to 28 U.S.C. § 636 (b)(1) , file written objections in the United States District Court to the Report and Recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the Report and Recommendation.  If no objections are filed, no appellate review will be allowed.

[2] Ground 7 alleges the State withheld exculpatory evidence; Ground 8 alleges prosecutorial misconduct; Ground 9 alleges improper coaching of witnesses; and Ground 10 alleges the Court should have removed Petitioner's attorney for ineffective assistance of counsel when so requested by Petitioner.

[3] The claims raised: (1) whether the trial [state habeas] court deprived Petitioner of redress before the court; (2) whether the trial court erred for failing to hold an evidentiary hearing; (3) whether the trial court ignored the conflict of interest inherent in having the state pay both the defense attorney's and the prosecution's salary; (4) whether the trial court erred in denying the state habeas petition; (5) whether the trial court erred in not allowing Petitioner's trial counsel to address the court; (6) whether the trial court erred by not contacting said counsel; and (7) whether the trial court erred by denying the state habeas petition in the face of the illegal ethics of having the state pay for defense counsel.  Exhibit O.

[4] Certiorari review from denial of a habeas petition is discretionary.

*Santillanes v. LeMaster*, 12 Fed.Appx. 728 (10th Cir.) (unpublished opinion)(citing *State v. Peppers*, 796 P.2d 614, 619 n.2 (N. M. Ct. App.), *cert. denied*, 794 P.2d 734 (1990)), *cert. denied*, 534 U.S. 922 (2001).  As stated by the Tenth Circuit Court of Appeals, a claim presented for the first time on discretionary review is not fair presentation.  *Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (citing *Castille*, 489 U.S. at 351).